**SIGNED THIS: May 10, 2006**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| VINCENT ARTHUR GONDRY, SR. | ) Bankruptcy Case No. 05-90935 |
| and WANDA ANN GONDRY, | ) |
| | ) |
| Debtors. | ) |

OPINION

This matter having come before the Court on a Motion to Reconsider and Trustee's Response to Motion to Reconsider Objection to Claim No. 16, the Court, having heard arguments of counsel, having reviewed the written memorandum of law submitted by Debtor's attorney, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

On July 14, 2005, attorneys for Debtors, Maloney, Parkinson & Berns, filed a claim in the amount of $1,800, designated as an unsecured, priority claim. In filing this claim, Attorney John Maloney sought compensation from the Debtor's Chapter 7 bankruptcy estate for services which he performed for the Debtors. On July 14, 2005, the Chapter 7 Trustee, Marsha Combs-Skinner filed an Objection to Claim No. 16, filed by Debtors' attorneys, stating that, pursuant to <u>Lamie</u>

v. U.S. Trustee, 540 U.S. 526, 125 S.Ct. 1023 (2004), the claim should be denied for the reason that Debtors' attorneys had not been hired pursuant to 11 U.S.C. § 327, and, as such, could not be paid for their services with Chapter 7 estate funds. Pursuant to the Certificate of Service and notice filed with the Trustee's Objection to Claim, responses were due to her Objection on or before August 3, 2005. No responses were filed, and the Court entered an Order on August 5, 2005, allowing the Trustee's Objection to Claim No. 16, which resulted in a denial of the claim filed by Maloney, Parkinson & Berns, in the amount of $1,800 as an unsecured, priority claim.

On April 14, 2006, Attorney John Maloney filed the instant Motion to Reconsider, asking the Court to reconsider its Order of August 5, 2005, denying Claim No. 16, and requesting a finding that Claim No. 16 be allowed in the amount of $1,800 for Debtors' attorneys' fees and that said claim be paid as an administrative expense. On April 25, 2006, the Chapter 7 Trustee filed Trustee's Response to Motion to Reconsider Objection to Claim No. 16 reiterating her reliance on the U. S. Supreme Court case of Lamie v. U.S. Trustee. On April 27, 2006, John Maloney, on behalf of Maloney, Parkinson & Berns, filed a Brief in Support of Motion to Reconsider and in Lieu of Personal Appearance, in which he sought to distinguish the facts of the instant case from those in Lamie.

In considering this matter, the Court has carefully reviewed the case of Lamie v. U.S. Trustee, supra, and the arguments submitted in the Brief in Support of Motion to Reconsider and in Lieu of Personal Appearance, and finds that the facts of the instant case are not distinguishable from the facts in Lamie, such that the Motion to Reconsider could be allowed. This matter is controlled by 11 U.S.C. § 330 and 11 U.S.C. § 327. Pursuant to the plain language of those statutory sections, the Court must find that Chapter 7 debtor's attorneys cannot be compensated from funds in the Chapter 7 bankruptcy estate absent employment by the Trustee under 11 U.S.C. § 327, with approval of the Court. As such, the Court must conclude that the Motion to Reconsider must be denied.

In addition to the substantive basis for denying the Motion to Reconsider, the Court also finds that, pursuant to Rule 9023 of the Federal Rules of Bankruptcy Procedure, the Motion to Reconsider was not timely filed, and should be denied on that basis also.

###